FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSEPH B.,

    Plaintiff,

v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.

No. 1:18-CV-03148-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Nos. 12[2] & 13. Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance under Title II of the Social Security Act, 42 U.S.C §§ 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional proceedings.

## I.    Jurisdiction

Plaintiff filed an application for Social Security Disability Insurance on October 20, 2016. AR 72. He alleged a disability onset date of May 4, 2012. AR 177. Plaintiff's application was initially denied on February 14, 2017, AR 105-11, and on reconsideration on April 27, 2017, AR 112-18.

Administrative Law Judge ("ALJ") Laura Valente held a hearing on February 27, 2018 and heard testimony from Plaintiff, Plaintiff's wife, and vocational expert Lynn Jones. AR 28-71. On March 19, 2018, the ALJ issued a

---

[2]The Court notes that Plaintiff's briefing violates Local Civil Rule 10(a) requiring typeface of 14 points or more. Future filings should meet the formatting requirements of the Local Rules.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 2

decision finding Plaintiff ineligible for disability benefits. AR 10-22. The Appeals Council denied Plaintiff's request for review on June 4, 2018. AR 1-5. Plaintiff sought judicial review by this Court on August 3, 2018. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the claimant cannot engage in his previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is

capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 388-89 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 36 years old at the amended date of onset. AR 177. At application, the alleged conditions limiting his ability to work included diabetes, posttraumatic stress disorder (PTSD), chest pain, neuropathy, chronic lower pack/hip pain, sleep apnea, high cholesterol, and hypertension. AR 194. Plaintiff completed high school in 1995. AR 195. At the time of application, Plaintiff stated he had past work including motor transport operator for the military, correction officer, and security officer. AR 196.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, May 4, 2012, through the date last insured, December 31, 2017. AR 10-22.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since he alleged date of onset, May 4, 2012, through the date last insured, December 31, 2017. AR 12 (citing 20 C.F.R. § 404.1571 *et seq*.).

**At step two**, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus; left hip internal derangement; anxiety disorder; and personality disorder (citing 20 C.F.R. § 404.1520(c)). AR 12.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 13 (citing 20 C.F.R. § 404.1520(d)).

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work with the following limitations:

> [H]e can lift 20 pounds occasionally and 10 pounds frequently. He has an unlimited ability to sit. He can stand and/or walk for 4 hours in an 8-hour day. He can occasionally climb ladders ropes, and stairs. He can occasionally crawl. He can frequently perform all other postural activities. He has sufficient concentration, persistence, and pace for simple, routine tasks in 2-hour increments with usual and customary breaks throughout an 8-hour workday. He would need an additional 15-minute break during the workday. He can work in the same room with

the general public but working with the public should not be the focus of the job. He can work superficially and occasionally with the general public. Superficial means he can refer the public to others to respond to their demands/request but he is not resolving those demands or requests. He can work in the same room with co-workers, and can have superficial interactions with co-workers. Superficial for this purpose means he can engage in small talk but he should not have coordination of work activity. He can interact occasionally with supervisors. He can adapt to simple, routine changes as may be requires for simple, routine work.

AR 14. The ALJ identified Plaintiff's past relevant work as correctional custody specialist, armed guard, security guard, motor transport operator, and airport utility worker and found he was unable to perform any of this past relevant work. AR 20.

**At step five**, the ALJ found, in light of his age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of table worker, bagger, and hand packager. AR 21.

## VI.   Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) failing to properly weigh the medical opinion evidence and (2) failing to properly consider Plaintiff's headaches as a severe medically determinable impairment.

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 7

## VII. Discussion

**A. Medical Opinion Evidence.**

Plaintiff challenges the weight the ALJ gave to the opinions of Nancy Perachio, Ph.D. and Jenifer Schultz, Ph.D. ECF No. 12 at 12-17.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than her own conclusions and explain why she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### 1. Nancy Perachio, Ph.D.

On July 8, 2017, Dr. Perachio examined Plaintiff and completed a PTSD Evaluation for the Veteran's Administration (VA). AR 287-88. She diagnosed Plaintiff with panic disorder without agoraphobia and major depressive disorder, moderate, recurrent. AR 278. She indicated that Plaintiff's diagnoses caused "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation." AR 280. She further stated that "[d]epression with low motivation may result in increased social withdrawal and absence from work. Panic attacks will likely result in withdrawal, but depending on the duration of the panic, may result in exhaustion and decreased efficiency even if he is able to return to work." AR 280-81.

The ALJ did not address Dr. Perachio's evaluation or opinion in her decision. Defendant argues that the ALJ's failure to address Dr. Perachio's evaluation was not an error for three reasons: (1) the evaluation did not identify

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9**

any functional limitations; (2) the statements pertained to an issue reserved to the Commissioner; (3) Dr. Perachio is an "other source." ECF No. 13 at 4-5.

All three of Defendant's arguments fail. First, Dr. Perachio did identify functional limitations, stating that Plaintiff had "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation." AR 280. Second, Dr. Perachio did not provide an opinion regarding whether Plaintiff was "disabled" or "not disabled" or whether he met a listing. Therefore, she did not address an issue reserved for the Commissioner. *See* 20 C.F.R. § 404.1527. Third, Dr. Perachio is a psychologist. Her education title includes a Ph.D., and the form she completed is reserved for "staff and contract psychiatrists or psychologists." AR 277.

"The RFC [residual functional capacity] assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." S.S.R. 96-8p. The ALJ addressed Plaintiff's ability to sustain work activity in the RFC: "He has sufficient concentration, persistence, and pace for simple, routine tasks in 2-hour increments with usual and customary breaks throughout an 8-hour workday. He would need an additional 15-minute bread during the workday."

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 10

AR 14. However, the RFC did not address the potential for missed work discussed by Dr. Perachio. AR 280-81. Therefore, the ALJ's failure to discuss Dr. Perachio's evaluation and opinion was an error. The vocational expert testified that "an individual who on a chronic and patterned basis is missing two or more days per month that individual would not be able to maintain competitive employment." AR 70. Therefore, the ALJ's failure to address the opined absenteeism is not harmless. As such, the case is remanded for additional proceedings to address Dr. Perachio's opinion as a whole.

### 2. Jenifer Schultz, Ph.D.

Dr. Schultz performed a psychological evaluation on February 7, 2017 and diagnosed Plaintiff with PTSD. AR 590-94. She provided the following functional assessment:

> [Plaintiff]'s ability to reason and understand are fair. His concentration is poor based on his inability to do serial sevens, though he could focus sufficiently during the assessment. He reported that he is not persistent. He has limited social interactions. He has not adapted to his health problems, which are exacerbated by his traumatization in the Army. [Plaintiff]'s pain, anxiety, and anger would impact his ability to work in most settings.

AR 594.

The ALJ gave the functional assessment opinion "little weight" because Dr. Schultz did not state the degree to which Plaintiff would be affected by his impairments or offer any clear assessment of his functional abilities. AR 18. Since

the case is remanded for additional proceedings to further address the opinion of Dr. Perachio, the ALJ will also address the opinion of Dr. Schultz anew.

**B. Headaches**

Plaintiff challenges the ALJ's step two determination by asserting that she failed to properly consider his headaches. ECF No. 12 at 17-20.

To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521. "[O]nce a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments and their symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). At step two, the burden of proof is squarely on the Plaintiff to establish the existence of any medically determinable impairment(s) and that such impairments(s) are severe. *Tackett*, 180 F.3d at 1098-99 (In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.).

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An

impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

The evidence Plaintiff cites in support of his assertion that headaches are a medical determinable severe impairment are providers' summaries of Plaintiff's statements regarding his headaches. ECF No. 12 at 18 (citing AR 320-23, 489-90, 591). Plaintiff's statements alone are insufficient to support a finding of a medically determinable impairment. 20 C.F.R. § 404.1521. However, the ALJ failed to even discuss Plaintiff's headaches at step two. AR 12-13. Since the case is being remanded to further address the medical source opinions in the file, the Commissioner will also address Plaintiff's headaches at step two.

## VIII. Conclusion

Plaintiff asks the Court to remand this case for a *de novo* hearing before the agency and a new decision. ECF No. 12 at 19.

Pursuant to 20 C.F.R. § 404.983, any case remanded to the Commissioner for further consideration is taken up by the Appeals Council, who may make a new decision or remand the case the to the ALJ. If the Appeals Council remands the case to the ALJ, any issue resulting from the claim may be considered by the ALJ whether or not it was raised in the administrative proceedings leading to the final decision in the case. 20 C.F.R. § 404.983.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 13

This Court remands the case to the Commissioner for further proceedings consistent with this Order. Specifically, the medical source opinions and the step two determination shall be addressed on remand and in a new decision. If the case is remanded by the Appeals Council to the ALJ, a *de novo* hearing is required pursuant to 20 C.F.R. § 404.983.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED this** January 8, 2020.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14**